**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBBIE O. MITCHELL,**

           **Plaintiff,**         5:13-cv-823
                                                     (GLS/ATB)
      v.

**SUNY UPSTATE MEDICAL**
**UNIVERSITY et al.,**

           **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:** | |
| Robbie O. Mitchell | |
| Pro Se | |
| 1924 E. Genesee Street, Apt. 4 | |
| Syracuse, NY 13210 | |
| **FOR THE DEFENDANTS:** | |
| HON. ERIC T. SCHNEIDERMAN | HEATHER R. RUBINSTEIN |
| New York State Attorney General | Assistant Attorney General |
| The Capitol | |
| Albany, NY 12224 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Robbie O. Mitchell commenced this action against

defendants SUNY Upstate Medical University, Renee J. Johnson, and

Donald M. Sadeckas, asserting claims pursuant to Title VII of the Civil Rights Acts of 1964.[1]  (Compl., Dkt. No. 1.)  Pending is defendants' motion to dismiss.  (Dkt. No. 11.)  For the reasons that follow, defendants' motion is granted.

## II. **Background**[2]

Mitchell's form complaint is sparse, at best.  In his complaint, Mitchell claims that Sadeckas and Johnson "do not want African-Americans to better themselves" and "[w]hen it comes to choices, procedures, promot[ions] and discipl[i]ne, [i]t's not giv[en] out equally."  (Compl. ¶ 8.)  Mitchell has also indicated that the conduct of which he complains involves

---

[1] *See* 42 U.S.C. § 2000e-200e-17.

[2] Unless otherwise noted, the facts are drawn from Mitchell's complaint and presented in the light most favorably to him.  The court notes that, generally, a court may not look further than "the four corners" of the complaint when deciding a Rule 12(b)(6) motion to dismiss.  *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998).  The court also notes, however, that where, as here, the plaintiff is *pro se*, it is permitted to look beyond Mitchell's complaint, including at his response affirmation.  *See Green v. STi Prepaid, LLC*, No. 10 Civ. 2180, 2010 WL 4055575, at *1 (S.D.N.Y. Oct. 18, 2010) (citing *Gadson v. Goord*, No. 96 Civ. 7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997)).  Finally, the court further notes that defendants appended an arbitration award as an exhibit to their motion to dismiss.  (Dkt. No. 11, Attach. 2.)  Although this document may be salient on a motion for summary judgment, the court does not consider that exhibit here, as it would be improper.  *See Pani*, 152 F.3d at 71.

2

termination of employment,[3] failure to promote, unequal terms and conditions of employment, and retaliation. (*Id.* ¶ 7.) In that portion of the form complaint reserved for listing each cause of action, Mitchell only states a prayer for relief.[4] (*Id.* ¶ 9.)

Mitchell also attached to his complaint a charge of discrimination that he filed with the New York State Division of Human Rights (NYSDHR) and an Equal Employment Opportunity Commission (EEOC) right-to-sue letter.[5] (Dkt. No. 1, Attach. 1.) The charge of discrimination indicates that Mitchell began working for SUNY Upstate on September 3, 2009, and that his last position was as a "Supply Asst/SG004." (*Id.* at 2.) Mitchell further claims that he "was targeted from [his] first grievance filed [on July 6, 2011]," and that he was suspended without pay on July 5, 2012 by Sadeckas and on August 28, 2012 by Johnson. (*Id.*) Additionally, Mitchell claims that he

---

[3] It is not clear that Mitchell actually was terminated.

[4] Mitchell claims that he "want[s his] time and back pay for the time [he] was suspended," "out-of-title back pay and the position [he] work[ed] in for three years," and "some type of payout for harassment and pain and suffering." (Compl. ¶ 9.)

[5] It appears that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes," (Dkt. No. 1, Attach. 1 at 1), but there is no indication of a finding or investigation by NYSDHR.

was treated differently than "[a] white individual in a similar situation," and that he believes he "was disciplined in retaliation for filing a grievance on July 6, 2011 based on [his] race." (*Id.*)

In response to defendants' motion to dismiss, Mitchell also filed an affirmation and attached several exhibits, which, if pieced together, provide some additional factual context. (Dkt. No. 14.) From these documents, the court gleans that, in 2012, Mitchell was suspended for nearly one year for putting a profane note in his co-worker's, Jennifer Wright, locker, even though Wright informed her supervisors that she was not threatened and that she did not "want to pursue this matter any further." (Dkt. No. 14 at 1, 3.)[6] Mitchell compares the discipline he received as a result of the profane note with another incident in which a white employee in his union, Brian Meyer, violated the same policies as Mitchell by calling another employee, Troy Bisesi, "gay." (Dkt. No. 14 at 1.) Mitchell claims that no disciplinary action was taken against Meyer after Bisesi stated that he did not want the matter pursued further. (*Id.*)

Finally, Mitchell claims that, on February 11, 2013, during his first

---

[6] The court further gleans from defendants' motion that an arbitration hearing was held as a result of this incident. (Dkt. No. 11, Attach. 1 at 5-6.)

4

suspension and prior to filing his complaint, he filed charges of discrimination with the NYSDHR. (Dkt. No. 1, Attach. 1 at 2.) On August 2, 2013, two weeks after he filed his complaint, Mitchell was issued another notice of discipline, which indicated that he was being suspended for three more weeks as a result of unauthorized absences. (Dkt. No. 14 at 2-3.) Mitchell then filed a second charge of discrimination with the EEOC, claiming that the second suspension was in retaliation for filing his first charge of discrimination with the EEOC and his federal complaint.[7] (*Id.* at 3.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

---

[7] Mitchell also cites several other grievances that he filed throughout the course of his employment, including an out-of-title grievance and a mandatory overtime grievance. (Dkt. No. 14 at 2.) With respect to these grievances, Mitchell appears to argue both that "[his] union activity was being challenged," and that these grievances somehow related to defendants' disparate treatment of him on the basis of his race, although the grievances themselves do not appear to have consisted of any complaints of discrimination. (*Id.*)

## IV. Discussion

Defendants argue that Mitchell's complaint should be dismissed because he fails to state an actionable Title VII discrimination claim. (Dkt. No. 11, Attach. 1 at 2-6.)  Given the sparseness of the complaint, defendants' memorandum of law in support of their motion is similarly scant.  Although the additional facts and allegations presented in Mitchell's response may be sufficient to overcome defendants' motion to dismiss, neither the court nor defendants should have to guess exactly what conduct Mitchell complains of, and what claims he alleges.

Under Fed. R. Civ. P. 8(a), a claim for relief must contain "a short and plain statement" of the claim.  Similarly, Rule 8(e)(1) provides that each averment of a pleading is to be "simple, concise, and direct."  The purpose of these rules is to give defendants fair notice of the claims Mitchell has against them so that they can frame a meaningful response and prepare for trial.  *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

While the court is cognizant that it must liberally read a *pro se* plaintiff's submissions, *Rahl v. N.Y. Telephone Co.*, No. 1:09-cv-01165, 2010 WL 3338832, at *2 (N.D.N.Y. Aug. 24, 2010), "the complaint,

6

nonetheless, must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure," *Gould* v. *Russi*, 830 F. Supp. 139, 142 (N.D.N.Y. 1993). In other words, *pro se* plaintiffs must "sufficiently apprise a defendant of the charges asserted against" him. *Id.* at 143.

Here, as discussed above, Mitchell has failed to meet this minimum requirement. Further, "[a]lthough some additional hints about the nature of [Mitchell's] claims can be gleaned from [his response papers], neither the [c]ourt nor the defendants should be required to attempt to piece together these fragmentary bits of information in order to decipher what it is that [Mitchell] is complaining." *Strine v. Marion Cent. Sch. Dist.*, 280 F. Supp. 2d 75, 80 (W.D.N.Y. 2003).

Despite these deficiencies, the court recognizes that this is the first time that Mitchell has been alerted to the short-comings in his complaint. Accordingly, this dismissal is without prejudice to Mitchell's right to file an amended complaint, if he so chooses, consistent with this Memorandum-Decision and Order. The amended complaint must be filed within thirty (30) days of the date of this order and strictly comply with the requirements of, among other things, N.D.N.Y. L.R. 7.1(a)(4), Fed. R. Civ. P. 11(b), and Fed. R. Civ. P. 8. The amended complaint should set forth more specific

7

allegations, and the factual basis for those claims. If Mitchell elects to file an amended complaint, defendants shall have fourteen (14) days to file the appropriate response, and/or renew their motion to dismiss.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Mitchell may, in accordance with the requirements of, among other things, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4), file an amended complaint in conformance with this Memorandum-Decision and Order within thirty (30) days of the date of this Memorandum-Decision and Order, if he can, in good faith, allege sufficient facts to cure the deficiencies articulated above; and it is further

**ORDERED** that if Mitchell elects to file an amended complaint, defendants shall have fourteen (14) days to file the appropriate response, and/or renew their motion to dismiss; and it is further

**ORDERED** that if Mitchell does not file an amended complaint within thirty (30) days of this order, the Clerk is directed to close this case; and it

8

is further

ORDERED that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 26, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court